UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HIROKO KAWAYE,<br><br>Plaintiff,<br><br>v.<br><br>WATER TEC INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No. 2:12-cv-01670-JCM-PAL<br><br>**ORDER<br>and<br>ORDER TO SHOW CAUSE**<br><br>(Mot for Determination – Dkt. #57) |

Before the court is Defendant Water Tec International, Inc.'s Motion for Determination of Good Faith Settlement (Dkt. #57).

Water Tec and Plaintiff attended a settlement conference with the court on September 29, 2014, in which Plaintiff agreed to accept $39,000 to settle her claim against Water Tec International ("WTI"). In the current motion, WTI seeks an order of the court determining that its settlement was reached in good faith for purposes of N.R.S. § 17.245.

After the settlement was reached, the court directed counsel to meet and confer to exchange the settlement and release papers, and settlement documents. The parties did so. Unfortunately, at two successive status conferences, counsel for Plaintiff informed the court that his client had failed to communicate with him and had not executed the settlement documents which counsel for Plaintiff agrees accurately reflect the parties' settlement.

The court granted counsel for Plaintiff's request for a two week extension to again attempt to obtain his client's cooperation at the first status conference. The court advised counsel for the parties that it was inclined to enter an order to show cause in the event Plaintiff continued to refuse to communicate with her counsel and cooperate in effectuating the parties' settlement. Counsel for Plaintiff indicated he would communicate this to his client in writing. At the second status conference on November 13, 2014 counsel for Plaintiff advised that he had sent another

1

letter certified mail to his client advising her that the court may enter an order to show cause if she failed to communicate and failed to execute settlement documents but that she had still failed to respond. The court gave counsel until November 27, 2014, to file any motion deemed appropriate to resolve the matter given Plaintiff's failure to communicate with her counsel and execute the documents needed to consummate the settlement. To date, neither party has complied.

WTI's motion does not attach a copy of the parties' settlement documents, and Plaintiff has not signed the settlement documents or communicated with her counsel. Under these circumstances,

**IT IS ORDERED** that Water Tec International's Motion for Determination of Good Faith Settlement (Dkt. #57) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** Plaintiff shall have until December 17, 2014 to show cause, in writing, why this case should not be dismissed for her failure to communicate with her counsel and failure to execute settlement documents which her counsel acknowledges accurately reflected the terms of the settlement the parties reached on September 29, 2014. **Failure to timely comply with this order to show cause will result in a recommendation to the district judge that Plaintiff's case be dismissed for failure to comply with this order, failure to communicate with her counsel and failure to prosecute this action.**

Dated this 2nd day of December, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE