UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HIROKO KAWAYE, Plaintiff, v. WATER TEC INTERNATIONAL, INC., et al., Defendants. | Case No. 2:12-cv-01670-JCM-PAL<br>ORDER<br>(Renew Mot for Good Faith Setlmt – Dkt. #64) |

Before the court is Water Tec International, Inc.'s Renewed Motion for Determination of Good Faith Settlement (Dkt. #64).

Defendant Water Tec International, Inc. ("Water Tec") reached a settlement with the Plaintiff to pay Plaintiff $39,000 in return for a release of all claims. The settlement documents have now been executed and a copy of the settlement is attached as an exhibit to the motion. Water Tec seeks a determination that the settlement agreement between it and the Plaintiff was a good faith settlement for purposes of NRS § 17.245. The statute discharges a tortfeasor to whom a release or covenant not to sue is given in good faith "from all liability for contribution and for equitable indemnity to any other tortfeasor."

Plaintiff sued Water Tec and other Defendants for flooding damage caused to a residence at 1661 Black Box Canyon Rd. in Henderson, Nevada. Water Tec was the last Defendant to settle. The settlement between Plaintiff and Water Tec was not dependent on a finding of good faith and the parties stipulated to a dismissal which the district judge has now approved. The court denied an earlier motion for a determination that the settlement reached between Plaintiff and Water Tec was in good faith because the settlement documents were not provided to the court, and at that time, the Plaintiff was not in communication with her counsel, had not signed the settlement document and was not responding to communications from her counsel. After an

order to show cause was entered, the Plaintiff eventually communicated with her counsel, executed settlement documents, and the parties' settlement has now been finalized.

NRS 17.245(1) was enacted "to encourage settlements by discharging all liability for contribution by a settling tortfeasor to others upon a finding that the settlement was entered in 'good faith.'" *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 631-32 (D. Nev. 2002) (quoting *In Re MGM Grand Hotel Fire Litig.*, 570 F.Supp 913, 926 (D. Nev. 1983)). In 1997, NRS 17.245 was amended to provide a definition for equitable indemnity. NRS 17.245(2) defines equitable indemnity as "a right of indemnity that is created by the court rather than expressly provided for in a written agreement." Since a determination by the court that a settlement was made in good faith releases the settling parties from further contribution to the non-settling parties pursuant to NRS 17.245(1)(b), "the approving court must use its discretion to consider the fairness and overall appropriateness of the proposed settlement." *Duk v.MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1060-61 (9th Cir. 2003) (citing *Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991) (per curiam); 107 Nev. 356, 357.

In *Duk*, the Nevada Supreme Court held that because there is no specific language in NRS 17.245 requiring a hearing on the issue of good faith, the determination should be left to the discretion of the trial court based on all relevant facts available, and that, in the absence of an abuse of that discretion, the trial court's finding should not be disturbed. 811 P.2d at 563.

Here, Water Tec was the last Defendant to settle. The court has examined the parties' settlement and release documents and finds that it contains the usual and ordinary terms. The settlement was negotiated at arm's length following a mandatory court-ordered settlement conference. As the remaining Defendants potentially liable to the Plaintiff have already settled, the settlement was not the result of collusion, fraud or tortious conduct aimed to injure the interests of non-settling Defendants. Liability and damages were in dispute, and the Defedants alleged Plaintiff was responsible for the water damage to her home and/or exacerbated the damages by failing to take appropriate steps to remediate earlier. Under these circumstances, the court finds the settlement reached between the Plaintiff and Water Tec International, Inc. was a good-faith settlement for purposes of NRS 17.245.

Having reviewed and considered the matter,

**IT IS ORDERED** that Water Tec International, Inc.'s Renewed Motion for Determination of Good Faith Settlement (Dkt. #64) is **GRANTED**.

DATED this 21st day of January, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE